UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 11-110-HRW

FRANCES BARNETT,                                                    PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on December 6, 2006, alleging disability beginning on March 15, 2006, due to carpal tunnel syndrome, left hand trigger thumb, a rod in her left femur, two herniated discs in her back, a shorter right leg,

hip problems, anxiety and muscle spasms (Tr. 206).   This application was denied initially and on reconsideration (Tr. 91-98 and 101-107).

Two hearings were held were conducted by Administrative Law Judge Ronald Kayser (hereinafter "ALJ"). Plaintiff accompanied by counsel, testified, as did Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 15, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 57-67).

Plaintiff was 44 years old at the time of the hearing decision (Tr. 185). She has a 9th grade education (Tr. 717). Her past relevant work experience consists of work as a factory assembler (Tr. 207).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 59).

The ALJ then determined, at Step 2, that Plaintiff suffers from leg and back pain, polysubstance abuse, borderline intellectual functioning, depressive disorder not otherwise specified and anxiety disorder, not otherwise specified, which he found to be "severe" within the meaning of the Regulations (Tr. 59-60).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 60-61).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 65) but determined that she has the residual functional capacity ("RFC") to perform a range of light work (Tr. 62-65). In addition, the ALJ found Plaintiff retained the abilities to understand and recall simple and non-detailed

work procedures and instructions; maintain attention for two-hour periods; complete routine mental aspects; make associated work-related decisions without special supervision; follow a regular schedule; tolerate coworkers and accept supervision in an object focused context with infrequent casual contacts; adapt to gradual change; and appreciate work hazards (Tr. 62).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 66-67).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on January 24, 2011 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not consider her impairments in combination; (2) the ALJ did not afford proper weight to the opinion of Dr. Liza Levy; (3) the ALJ did not consider whether Plaintiff could perform work activities on a sustained basis and (4) the hypothetical presented to the VE was flawed.

5

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not consider her impairments in combination.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 60). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

6

Plaintiff's second claim of error is that the ALJ did not afford proper weight to the opinion of Dr. Liza Levy.

Dr. Levy treated Plaintiff for anxiety, possible post-traumatic stress disorder and attention deficit disorder between December 2006 and July 2007. On July 2, 2007, Dr. Levy completed a Mental Impairment Questionnaire (Tr. 692-698) reflecting an opinion more restrictive than that of the ALJ. She opined Plaintiff had "[p]oor or [n]one" ability to accept instructions and respond appropriately to criticism from supervisors (Tr. 696). Dr. Levy also opined Plaintiff had fair ability to perform many mental functions, such as maintaining concentration for two hour segments, performing at a consistent pace, and working with others (Tr. 696). Dr. Levy concluded that Plaintiff would be absent more than three times per month (Tr. 695), but also found that Plaintiff had fair ability to maintain regular attendance (Tr. 696). Additionally, she indicated that Plaintiff would have "frequent" difficulties with concentration (Tr. 697), but agreed with the ALJ that Plaintiff could nevertheless understand, remember, and carry out simple instructions2 (Tr. 696; see also Tr. 62).

However, in a 2009 questionnaire, Dr. Levy noted that in 2007, Plaintiff was capable of performing low-stress jobs3 and that she was possibly a "malingerer" (Tr. 822).

7

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

With regard to Dr. Levy's December 2009 questionnaire, the ALJ explained that he gave it little weight because
it had been over two years since Dr. Levy stopped treating Plaintiff and she had indicated Plaintiff was possibly a malingerer (Tr. 64).

The ALJ also considered Dr. Levy's July 2007 GAF score of 55 around the time Plaintiff stopped treatment, reflecting just moderate symptoms (Tr. 64, 692, 821).

Further, the ALJ considered that Dr. Levy's treatments notes only revealed details about many conflicts in Plaintiff's daily life, and the medical records did not indicate Plaintiff had marked difficulties in areas deemed essential for work such as memory, concentration, completing tasks, and getting along with others

8

(Tr. 64-65).

Thus, the ALJ concluded Dr. Levy's opinions were not due great weight based on factors such as extent of treatment relationship, supportability, and consistency which are enumerated in 20 C.F.R. §§ 404.1527(d), 416.927(d). The Court finds no error in this regard.

Plaintiff's third claim of error is that the ALJ did not consider whether Plaintiff could perform work activities on a sustained basis.

The plaintiff cites the Ninth Circuit Court of Appeals case *Gatliff v. Commissioner of Social Security Administration*, 172 F.3d 690 (9th Cir. 1999) in support of his argument.

*Gatliff* is not persuasive. In that case, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. *Id.* at 692. In this case, Plaintiff has not identified similar evidence.

Moreover, this Court has repeatedly rejected any suggestion of a separate durational requirement. *See e.g. Durham v. Astrue,* No. 6:09-202-DCR, 2010 WL 672136, at *6 (E.D. Ky. Feb. 22, 2010).

Therefore, Plaintiff's argument in this regard lacks merit.

9

Finally, Plaintiff contends that the hypothetical presented to the VE was flawed. This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). The Court finds the hypothetical in this case properly reflects the credible evidence and was, therefore, not flawed.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of November, 2011.



Henry R. Wilhoit, Jr., Senior Judge